IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| United States of America, ) | Civil Action No. 2:11-cv-2537-RMG |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| John Wingard Altman, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

This matter comes before the Court on Plaintiff's motion for partial summary judgment as to liability. (Dkt. No. 30). For the reasons explained herein, the Court grants Plaintiff's motion.

**I.   Background**

Plaintiff brings this action pursuant to the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 *et seq.* Plaintiff alleges that Defendant, who owns Altman Apartments in Summerville, South Carolina, has engaged in housing practices that discriminate on the basis of familial status. Specifically, Plaintiff alleges that Defendant has enforced a policy of refusing to rent the Altman Apartments to prospective tenants with children and, in doing so, has engaged in a practice or policy violating subsections 3604(a) and 3604(c) of the FHA. Subsection 3604(a) makes it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of . . . familial status." Subsection 3604(c) makes it unlawful "[t]o make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based

1

on . . . familial status . . ., or an intention to make any such preference, limitation, or discrimination." The FHA defines "familial status" as follows:

> "Familial status" means one or more individuals (who have not attained the age of 18 years) being domiciled with--
>
> **(1)** a parent or another person having legal custody of such individual or individuals; or
>
> **(2)** the designee of such parent or other person having such custody, with the written permission of such parent or other person.

42 U.S.C.A. § 3602(k). The FHA only permits the Attorney General's office to prosecute violations of the FHA where it "has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by [Subchapter I of the FHA], or that any group of persons has been denied any of the rights granted by [Subchapter I of the FHA] and such denial raises an issue of general public importance." 42 U.S.C. § 3614(a).

On May 11, 2012, Plaintiff filed a motion for partial summary judgment. (Dkt. No. 30). In its motion, Plaintiff argues that there is no genuine issue of material fact as to whether Defendant had and enforced a policy against renting to families with children at Altman Apartments. Thus, Plaintiff argues that it is entitled to summary judgment as to Defendant's liability under subsections 3604(a) and 3604(c) of the FHA.[1] On June 25, 2012, Defendant filed a response in opposition, arguing that questions of fact exist which make summary judgment inappropriate. (Dkt. No. 35). On July 3, 2012, Plaintiff filed a reply in support of its motion. (Dkt. No. 38). Plaintiff's motion is now ripe for adjudication by this Court.

---

[1] In its motion, Plaintiff notes that it is not requesting summary judgment as to the remedies requested in its Complaint. Rather, Plaintiff states that, if its motion is granted, it will present facts to support the requested relief at trial. (Dkt. No. 30-1 at 1 n.1).

2

## II.   Summary Judgment Standard

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat. Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the nonmoving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). Rule 56 provides in relevant part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

>    (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1).

### III.   Analysis

As stated above, Plaintiff shoulders the initial burden in moving for summary judgment. In support of its motion, Plaintiff cites to, *inter alia*, the transcripts of phone calls made by "testers," who were working for the Department of Justice, to Defendant. As explained by the Supreme Court, "'testers' are individuals who, without an intent to rent or purchase a home or apartment, pose as renters or purchasers for the purpose of collecting evidence of unlawful [housing] practices." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982). During his deposition, Defendant listened to the recordings of the calls made by the four separate testers during January and February of 2011 and conceded that he is the person on the calls with the testers. (Dkt. No. 30-3). Courts have repeatedly approved the role of "testers" in discrimination cases. *See Richardson v. Howard*, 712 F.2d 319, 321 (7th Cir. 1983) (collecting cases in which the use of "testers" has been approved); *see also id.* ("It is frequently difficult to develop proof in discrimination cases and the evidence provided by testers is frequently valuable, if not indispensable.").

Each of the four testers spoke to Defendant on the phone regarding the possibility of renting an apartment at Altman Apartments. During the conversations with each of the four testers, Defendant informed the tester that there were "no children, no pets, no smoking" in the apartments. (Dkt. No. 30-3 at pp. 158, 164, 177). While Testers 1 and 3 indicated that they did not have any children, Testers 2 and 4 each indicated that they planned on living in the apartment with a small child. Tester 2 and the Defendant had the following conversation about this issue:

4

>Tester 2: $500 deposit for a six month lease?
>Defendant: Right. 250 deposit for a one-year lease. Water is included, no children, no pets, no smoking in the building.
>Tester 2: Okay. So no children, no pets, even though I have a son with me?
>Defendant: How old is he?
>Tester 2: He's 5 years old.
>Defendant: I rent these things no children because all the tenants in there, there's no children in the whole complex.
>Tester 2: So there's no children throughout the entire property?
>Defendant: It's not really—it's a one-bedroom set up for no children.
>Tester 2: Okay. All right.
>Defendant: Okay?
>Tester 2: All right. I appreciate it. Thank you.
>Defendant: Okay, bye bye.

(*Id.* at p. 164). Tester 4 and Defendant had the following conversation about this issue:

>Tester 4: Yes, I was looking for a one-bedroom within the next two weeks for my daughter and I.
>Defendant: I've got one that's coming open in the next week.
>Tester 4: Okay, what—
>Defendant: Hum, how old is your daughter?
>Tester 4: She's six.
>Defendant: Okay. No children, no pets, no smoking.
>Tester 4: So, you would not rent to me and my daughter?
>Defendant: It's not – there are no children in the apartments, yeah. All they are are one-bedroom apartments. They are not set up for children.
>Tester 4: So, no children at all? Like with a smaller bed and a bigger bed, you couldn't fit two beds in a room?
>Defendant: It's a small one-bedroom apartment.
>Tester 4: Okay. So no children, no pets?
>Defendant: Yes.
>Tester 4: Okay. Thank you for your time.

(*Id.* at pp. 183-84).

In addition to the transcripts of the phone calls with the testers, Plaintiff cites to the rental applications and lease agreements drafted by Defendant and used for Altman Apartments. (*See id.* at pp. 119-20, 131 (Defendant testifying that he drafted the rental applications and lease agreements)). One version of the rental application which Defendant drafted and used for Altman Apartments states: "No tenants / children under 21 years of age." (*Id.* at 26, 28).

5

Another version of the rental application which Defendant drafted and used for Altman Apartments states: "No tenants under 21 years of age." (*Id.* at 30). One version of the lease agreement which Defendant used for Altman Apartments – and which Defendant drafted by revising a standard form from the Landlord and Tenant Act (*id.* at pp. 130-31) – states: "Only persons designated in the rental agreement shall reside in the rented premises. No more than two tenants per apartment. No tenants (children) under the age of 21 years of age. No babysitting for hire." (*Id.* at 33). Defendant testified that, after this lawsuit was filed, he removed the provisions in the rental application and lease agreement which prohibit tenants or children under 21 years of age. (*Id.* at pp. 129-30). Defendant also testified that he has never rented an apartment to a tenant who he knew would be moving in with a child. (*Id.* at pp. 113-15).

In light of this evidence, the Court finds that Plaintiff has carried its initial burden of demonstrating that there is no genuine issue of material fact as to whether Defendant engaged in a pattern or practice which violated subsections 3604(a) and 3604(c) of the FHA. In the phone calls with Testers 2 and 4, Defendant clearly violated subsection 3604(a) by "refus[ing] to negotiate for the . . . rental of . . . a dwelling to any person because of . . . familial status." 42 U.S.C. § 3604(a). Defendant does not contend that his statements to the testers that "no children" are allowed at Altman Apartments represent isolated or anomalous incidents. To the contrary, Defendant conceded that, prior to this lawsuit being filed, Defendant "did not encourage" tenants with a child to rent at Altman Apartments. (Dkt. No. 30-3 at pp. 189-90). Further, by drafting, printing, and using rental applications and lease agreements which prohibit children from living in Altman Apartments, Defendant clearly engaged in a practice which violated subsection 3604(c), which prohibits "mak[ing], print[ing], or publish[ing] . . . any notice, statement, or advertisement, with respect to the . . . rental of a dwelling that indicates any

6

preference, limitation, or discrimination based on . . . familial status." 42 U.S.C. § 3604(c). Defendant also violated subsection 3604(c) by telling each of the testers that he would not lease Altman Apartments to tenants with children. *See* 24 C.F.R. § 100.75(b) (providing that subsection 3604(c) applies "to all written or oral notices or statements by a person engaged in the sale or rental of a dwelling").

Because Plaintiff has carried its initial burden, Defendant must, in order to survive Plaintiff's motion for summary judgment, demonstrate that specific, material facts exist that give rise to a genuine issue. *See Celotex Corp*, 477 U.S. at 323. In his response to Plaintiff's motion, Defendant makes three arguments as to why summary judgment is not appropriate. First, Defendant points out that he explained in his deposition that he did not intend to discriminate against families with children when he was talking to the testers; rather, Defendant was simply informing the testers that the Altman Apartments "were not set up for children." (Dkt. No. 35 at 2). Second, Defendant points out that he explained in his deposition that the language "No tenants/children under 21 years of age" was not meant to keep families with children out of the apartments but, rather, was meant to keep young renters (between the age of 18 and 21) from renting. (*Id.* at 2-3). Third, Defendant points out that he allowed one tenant, Mr. Phillip Jones, to live in Altman Apartments with his son and allowed numerous tenants to bring children to the apartments on weekends, holidays, and vacations. (*Id.* at 3). The Court finds each of Defendant's arguments unpersuasive.

The Court finds Defendant's first argument unpersuasive because the FHA prohibits discrimination based on familial status, regardless of the basis for the discrimination. Thus, even if Defendant's "no children" policy was based on Defendant's belief that the Altman Apartments are not ideal for children (as opposed to Defendant's dislike of children, or some other reason),

7

Defendant's "no children" policy still violates the FHA. Next, the Court finds Defendant's second argument unpersuasive because, regardless of what Defendant may have meant by the "no tenants/children under 21 years of age" provision, such a provision would indicate a discriminatory intent to the ordinary reader. *See United States v. Hunter*, 459 F.2d 205, 215 (4th Cir. 1972) (applying an "ordinary reader" standard when determining whether statements violate subsection 3604(c)). Finally, the Court finds Defendant's third argument unpersuasive because Defendant testified that he did not know that Mr. Phillip Jones would have his son living with him at the time he rented the apartment to him. (Dkt. No. 30-3 at p. 114). In fact, Defendant testified that he has never rented an apartment to a tenant who he knew would be moving in with a child. (*Id.* at pp. 113-15). Further, even if Defendant could identify isolated incidents in which he did not discriminate against renters with children, such isolated incidents would not necessarily preclude Plaintiff from establishing a pattern or practice of discrimination in violation of the FHA. *See United States v. Garden Homes Mgmt. Corp.*, 156 F.Supp.2d 413, 423-25 (D.N.J. 2001) (holding that the government may establish a pattern or practice of discrimination in violation of the FHA even if the defendant did not discriminate on certain isolated occasions). In sum, even construing all facts and inferences in the light most favorable to Defendant, the Court finds that Defendant has failed to create a genuine issue of material fact as to whether Defendant engaged in a pattern or practice of violating subsections 3604(a) and 3604(c) of the FHA. All of the evidence in the record indicates that Defendant had and enforced a policy of refusing to rent the Altman Apartments to individuals with a child.

## IV.   Conclusion

After carefully considering the record and the arguments of the parties, the Court finds that Plaintiff is entitled to summary judgment as to Defendant's liability under subsections

3604(a) and 3604(c) of the FHA. Accordingly, Plaintiff's motion for partial summary judgment (Dkt. No. 30) is granted. The only issue remaining for trial is determination of the appropriate remedy for Plaintiff.

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Judge

July 26, 2012
Charleston, South Carolina